## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**STANLEY DEMSTER, et al.,**

      **Plaintiffs,**

      **v.**                       **Case No. 04-2420-JWL**

**CITY of LENEXA, KANSAS, et al.**

      **Defendants.**

_____

## MEMORANDUM AND ORDER

Stanley, Karen and Renee Demster bring this action under 42 U.S.C. § 1983. Stanley Demster asserts a claim against Officers Shannon Trevino, David Valasquez, Casey Flack and Kevin McCormack, in their individual capacities, alleging excessive force. Karen and Renee Demster assert claims against Officers Shannon Trevino, David Valasquez, Casey Flack and Kevin McCormack, in their individual capacities, alleging false arrest and malicious prosecution. Claims are also asserted against the City of Lenexa and Chief of Police Ellen T. Hanson, in her official capacity, for negligent training, supervision and retention with respect to the individually named officers. This matter is currently before the court on defendants' motion to dismiss the following counts: count one of the complaint, excessive force in violation of Stanley Demster's Fifth Amendment rights, for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); count three of the complaint, false of arrest of Karen and Renee Demster ("plaintiffs") in violation of their Fourth Amendment rights, for failure to state a claim upon which relief may be granted

pursuant to Federal Rule of Civil Procedure 12(b)(6), qualified immunity, or lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1); and count four of the complaint, malicious prosecution of plaintiffs in violation of their Fourth Amendment rights, for failure to state a claim upon which relief may be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) and lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).  (Doc. # 4).

The court grants in part and denies in part defendants' motion.  The court grants dismissal of count one, as dismissal is unopposed by Stanley Demster.  The court also grants dismissal of count three.  While the court finds that it has subject matter jurisdiction, and that plaintiffs have sufficiently pled a § 1983 claim for false arrest, the court finds that defendants are shielded by qualified immunity.  The court, however, denies defendants' motion to dismiss count four because the court has subject matter jurisdiction and plaintiffs have  sufficiently pled a § 1983 claim for malicious prosecution.

The court also denies plaintiffs' request for leave to amend the false arrest claim of their complaint because allowing the pleading of additional facts would not alter the court's finding that the officers are shielded by qualified immunity.

## I.      BACKGROUND[1]

On September 6, 2004 Officers Trevino, Velasquez, Flack and McCormack responded to the Demster residence in reference to a disturbance involving unknown parties.   While on the premises, the officers arrested Stanley Demster.

During the course of the arrest, Karen Demster, Stanley Demster's wife, and Renee Demster, Stanley Demster's daughter, believed that the officers were physically assaulting Stanley Demster.   Karen and Renee Demster began crying out and screaming at the officers to stop their actions as they were injuring Stanley Demster.   Karen and Renee Demster attempted to approach Stanley Demster, and Officer Flack grabbed Renee Demster and held her away from Officers Trevino and Velasquez before she could reach her father.   Officer McCormack restrained Karen Demster and held her away from Officers Trevino and Velasquez before she could reach her husband.

Karen and Renee Demster were arrested for obstructing legal process or official duty, which is prohibited by K.S.A. 21-3808.   Officers Trevino, Velasquez, Flack and McCormack created police reports describing their encounter with Karen and Renee Demster containing allegedly false information, that Karen and Renee Demster obstructed police officers during the performance of official duties by grabbing officers and pulling them off of Stanley Demster as they were arresting him.   Subsequently, charges were filed against Karen and Renee Demster in the District Court of Johnson County, Kansas for the actions described in the

---

[1]   The court accepts as true all well-pleaded facts as required by the standard for a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6).

police report.   These charges were dismissed after Officers Trevino, Velasquez, Flack and McCormack failed to appear in court.

## II.    STANDARD FOR MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

Federal courts have limited jurisdiction, and the court thus presumes that there is no jurisdiction unless the party invoking it makes an adequate showing that it exists.   *United States ex rel. Holmes v. Consumer Ins. Group*, 279 F.3d 1245, 1249 (10th Cir. 2002) (citing *United States ex rel. Precision Co. v. Koch Indus*., 971 F.2d 548, 551 (10th Cir. 1992).   The party seeking to invoke federal   jurisdiction bears the burden of alleging and proving by a preponderance of the evidence the facts necessary to support jurisdiction.   *Id*. (citing *Koch Indus*., 971 F.2d at 551).   A court "lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Gadlin v. Sybron Int'l Corp*., 222 F.3d 797, 800 (10th Cir. 2000) (quoting *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

Motions to dismiss under Rule 12(b)(1) may take one of two forms.   *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1225 (10th Cir. 2001).   First, a party may make a facial challenge to the plaintiff's allegations concerning subject matter jurisdiction, thereby questioning the sufficiency of the complaint.   *Id*. (citing *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir.1995)).   In addressing a facial attack, the district court must accept the allegations in the complaint as true.   *Id*. (citing *Holt*, 46 F.3d at 1002).   Second, "a party may go beyond allegations contained in the complaint and challenge the facts upon which subject

matter jurisdiction is based." *Id*. (citing *Holt*, 46 F.3d at 1003). In addressing a factual attack, the court does not presume the truthfulness of the complaint's factual allegations, but has "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id*. (citing *Holt*, 46 F.3d at 1003). A court's reference to evidence outside the pleadings in analyzing a factual attack does not convert the motion into a Rule 56 motion. *Id.*

### III.   STANDARD FOR MOTION TO DISMISS PURSUANT TO RULE 12(b)(6)

The court will dismiss a cause of action for failure to state a claim only when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his [or her] claims which would entitle him [or her] to relief," *Aspenwood Investment Co. v. Martinez*, 355 F.3d 1256, 1259 (10th Cir. 2004) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)), or when an issue of law is dispositive. *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). The court accepts as true all well-pleaded facts, as distinguished from conclusory allegations, and all reasonable inferences from those facts are viewed in favor of the plaintiff. *Adams v. Kinder-Morgan, Inc.,* 340 F.3d 1083, 1088 (10th Cir. 2003). The issue in resolving a motion such as this is "not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511 (2002) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).

### IV.   EXCESSIVE FORCE AS A VIOLATION OF FIFTH AMENDMENT

**(Count I)**

In count one of the complaint, Stanley Demster alleges a § 1983 excessive force claim, arguing that his Fifth Amendment rights were violated.   Defendants ask for dismissal of this claim, arguing that this allegation can only be properly analyzed under the Fourth Amendment. *See Graham v. Connor*, 490 U.S. 386.   Stanley Demster concedes this argument, and, therefore the court will dismiss count one of the complaint.


**V.      FALSE ARREST (Count III)**

In count three of the complaint, Karen and Renee Demster allege that they were  falsely arrested by Officers Trevino, Velasquez, Flack and/or McCormack for obstruction of justice in violation of their Fourth Amendment rights cognizable under § 1983.   Defendants ask the court to dismiss this claim because it fails to state a claim for which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6); or, alternatively, because defendants are entitled to qualified immunity; or, alternatively, because the court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1).

Section 1983 imposes liability for conduct carried out under the color of state law which deprives a plaintiff of "rights, privileges, or immunities secured by the Constitution and laws ..." 42 U.S.C. § 1983. To prevail on a claim for damages for a constitutional violation pursuant to section 1983, a plaintiff must establish that a defendant acted under color of state

law and caused or contributed to the alleged violation.[2] *Jenkins v. Wood,* 81 F.3d 988, 994 (10th Cir.1996).   In certain circumstances, a false arrest may constitute not only an action under state law, but a violation of civil rights pursuant to 42 U.S.C. § 1983, as well. *Nesmith v. Alford,* 318 F.2d 110, 126 (5th Cir.1963), *cert. denied,* 375 U.S. 975, 84 S. Ct. 489, 11 L. Ed.2d 420 (1964); *Mason v. Stock,* 955 F.Supp. 1293 (D. Kan.1997).

Arrest by police officers without probable cause violates the Fourth Amendment's guarantee of security from unreasonable searches and seizures, giving rise to a claim for false arrest under § 1983. *Romero v. Fay,* 45 F.3d 1472, 1476 (10th Cir. 1995).   " 'Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense.' " *Olsen v. Layton Hills Mall,* 312 F.3d 1304, 1312 (10th Cir. 2002) (quoting *Romero,* 45 F.3d at 1476). Probable cause does not demand that there be knowledge of facts sufficient for a finding of guilt, but it requires "more than mere suspicion." *United States v. Vazquez-Pulido,* 155 F.3d 1213, 1216 (10th Cir.1998) (citing *United States v. Hansen,* 652 F.2d 1374, 1388 (10th Cir. 1981)).

Before any analysis of this claim is warranted, the court must decide whether or not it has jurisdiction.   Defendants argue that the court does not have jurisdiction because, although this claim sets out the elements necessary for the state tort of false arrest, plaintiffs have not pled "a misuse of legal procedure so egregious as to subject the aggrieved person to a

---

[2] Here, defendants do not dispute that they were acting under the color of state law.

deprivation of 'constitutional dimension,' " which defendants argue is necessary for state tort claims to succeed as federal ones, citing *Williams v. Weber*, 905 F. Supp. 1502, 1511 (D. Kan. 1995). *Williams,* however, was a case where the court was examining the elements necessary for a § 1983 malicious prosecution claim, and the Tenth Circuit has stated that a police officer who arrests a person without probable cause violates his or her Fourth Amendment rights. *Romero*, 45 F.3d at 1476.

The court finds that Karen and Renee Demster have alleged all the elements of a § 1983 claim for false arrest. Plaintiffs allege that they were arrested by Officers Trevino, Velasquez, Flack and/or McCormack, who acting under color of state law and without probable cause, arrested plaintiffs in violation of their Fourth Amendment rights, giving rise to a § 1983 claim. *See Romero*, 45 F.3d at 1476 (arrest by police officers without probable cause violates the Fourth Amendment's guarantee of security from unreasonable searches and seizures, giving rise to a claim for false arrest under § 1983). As the plaintiffs have properly pled a § 1983 false arrest claim, the court denies defendants motion to dismiss for lack of subject matter jurisdiction.

Defendants also argue that they had probable cause to arrest Karen and Renee Demster for obstructing legal process or official duty, and, therefore, plaintiffs' claim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim. Obstructing legal process or official duty is defined by K.S.A. 21-3808 as "knowingly and intentionally obstructing, resisting or opposing any person authorized by law to serve process in the service or execution

8

or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty." K.S.A. 21-3808(a).

In *State v. Parker,* 236 Kan. 353 (1984), the Kansas Supreme Court discussed the "essential nature" of the offense. *Id.* at 360. The court explained that the "use of actual force is not always necessary to constitute an offense," but there must be "some actual overt act of obstruction." *Id.* "To obstruct means to interpose obstacles or impediments, to hinder, impede, or in any manner intrude or prevent." *Id.* In *State v. Latimer,* 9 Kan. App.2d 728 (1984), the Kansas Court of Appeals explicitly stated that section 21-3808 applies to oral statements of a defendant because "the apparent intent of the statute is to make criminal the willful obstruction by any means of an officer acting in the discharge of his official duty." *Id.* The court, quoting a Georgia case, stated that the statute is intentionally broad to cover actions which might not otherwise be unlawful, but which obstruct or hinder law enforcement officers in carrying out their duties. *Id.* The court qualified this statement by adding that not every action which incidentally hinders an officer is a crime; the accused must have willfully and knowingly hindered or obstructed the officer. *Id.* In short, then, obstruction of legal process or official duty requires conduct that "must have substantially hindered or increased the burden of the officer in carrying out his official duty." *Parker,* 236 Kan. at 364, 690 P.2d at 1362. Beyond that requirement, it appears that whether an obstruction has occurred depends on the particular facts of each case.

In their complaint, Karen and Renee Demster allege that they were arrested without probable cause for obstructing Officers Trevino, Velasquez, Flack and/or McCormack during

9

the performance of their official duties by allegedly grabbing the officers and pulling them off of Stanley Demster as they were arresting him.   Karen and Renee Demster deny that they grabbed or pulled any officer who was arresting Stanley Demster, and, therefore, none of the four officers could have believed that the arrest of plaintiffs was warranted.

Defendants argue that even if these allegations are true, the allegations of plaintiffs' complaint show that the officers had probable cause to arrest Karen and Renee Demster for obstruction because plaintiffs caused Officers Flack and McCormack to stop them from approaching Stanley Demster, and it does not matter what reason for arrest was stated in the police reports, as long as the objective facts support a finding of probable cause.

The Supreme Court has stated clearly that an arresting officer's state of mind is irrelevant to the existence of probable cause for a warrantless arrest.   *Devenpeck v. Alford*, 2004 WL 2847718, 125 S. Ct. 588, 594 (2004); *see Whren v. United States,* 517 U.S. 806, 812- 813 (1996); *Arkansas v. Sullivan,* 532 U.S. 769(2001) *(per curiam).*   " '[T]he fact that the officer does not have the state of mind which is hypothecated by the reasons which provide the legal justification for the officer's action does not invalidate the action taken as long as the circumstances, viewed objectively, justify that action.' " *Whren,* 517 U.S. at 813 (quoting *Scott v. United States,* 436 U.S. 128, 138, (1978)).

Even when looking at the hypothecated reason in this case, that plaintiff had to be stopped from approaching Stanley Demster, the court cannot grant a motion to dismiss for failure to state a claim.   The court finds that a jury must decide whether or not the officers acted reasonably, with probable cause, when arresting plaintiffs without a warrant.   "It is true

that the issue of probable cause ordinarily is for the judge rather than the jury. That is because the issue usually arises in the context of a motion to suppress evidence, which the judge decides. But where the issue arises in a damage suit, it is... a proper issue for the jury if there is room for a difference of opinion. The underlying issue in deciding whether the police had probable cause to do what they did is reasonableness, which is also the underlying issue in deciding negligence--a classic jury issue." *DeLoach v. Bevers*, 922 F.2d 618, 623 (10th Cir. 1990) (quoting *Llaguno v. Mingey,* 763 F.2d 1560, 1565 (7th Cir.1985) (en banc) (citations omitted) (probable cause to search)); *see Hall v. Burke*, 12 Fed. Appx. 856, 861 (10th Cir. 2001) (citation omitted) ("[The Tenth Circuit has] long recognized that it is a jury question in a civil rights suit whether an officer had probable cause to arrest.").

Here, a difference of opinion could exist as to whether the officers acted reasonably. It is not clear defendants' hypothecated reason gave the officer probable cause for arrest, as it is not clear that the officers having to restrain Karen and Renee Demster made them guilty of obstructing the officers.  While it is clear that actual force is not needed for one to obstruct an officer, the question remains whether or not Karen and Renee Demster committed an overt act of obstruction or whether plaintiffs substantially hindered or increased the burden of the officers. *See State v. Parker*, 236 Kan. at 360, 364. Also, the fact that the charges against Karen and Renee Demster for obstruction were dismissed gives rise to the inference that plaintiffs did not commit the charged offense and raises the question of whether the officers acted reasonably when arresting Karen and Renee Demster.  Because the issue of probable

11

cause must be determined by a jury, the court denies defendants' motion to dismiss pursuant to Rule 12(b)(6).

Defendants argue that even if the court does not find that the officers had probable cause to arrest Karen and Renee Demster, the court should dismiss plaintiffs' false arrest claim because the officers are shielded by qualified immunity. Plaintiffs respond by arguing that qualified immunity does not apply in this case because the officers violated plaintiffs' clearly established Fourth Amendment Rights.

Under certain circumstances, the affirmative defense of qualified immunity shields public officials from individual liability in actions brought under 42 U.S.C. § 1983. *Harlow v. Fitzgerald,* 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Holland ex rel. Overdorff v. Harrington,* 268 F.3d 1179, 1185 (10th Cir.2001).

Once a defendant asserts a qualified immunity defense, the court employs a two-part test. Under the first of the two-part qualified immunity test, the court must determine whether the facts alleged by a plaintiff, taken in the light most favorable to him or her, show that the conduct of a defendant violated a constitutional right. *Hope v. Pelzer,* 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (citing *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). If a plaintiff fails to meet the threshold burden of demonstrating a constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." *Saucier,* 533 U.S. at 201, 121 S.Ct. 2151. If, on the other hand, a plaintiff's factual

12

allegations amount to a violation of a constitutional right, "the next, sequential step is to ask whether the right was clearly established at the time of the defendant's unlawful conduct such that a reasonable person in the defendant's position would have known that the alleged conduct violated the federal right." *Id.*

Here, Karen and Renee Demster's claim, taken in the light most favorable to them, shows that the conduct of the officers violated a constitutional right. As examined above, a jury could find that plaintiffs' Fourth Amendment rights were violated by being arrested without probable cause.

The court, however, finds that no clearly established right was violated by defendants' conduct. While the Forth Amendment clearly protects individuals from arrest without a warrant when there is not probable cause, plaintiffs miss the real issue here, whether the officers should have known that they lacked probable cause to arrest Karen and Renee Demster. The court finds that a reasonable officer would not have known that he or she lacked probable cause to arrest plaintiffs for obstructing legal process or official duty, as defined by K.S.A. 21-3808 when Karen and Renee Demster attempted to approach Stanley Demster, as plaintiffs acknowledge in their complaint they did. As the court explained above, a question of fact exists as to whether or not the officers lacked probable cause when arresting Karen and Renee Demster. This is in large part because the Kansas Supreme Court has stated that actual force is not always necessary to constitute an offense, but there must be some actual overt act of obstruction. *State v. Parker*, 236 Kan. 353, 360 (1984). The Kansas Supreme Court explained that obstruction means interposing obstacles or impediments to hinder, impede or

in any manner intrude or prevent.  The court has been unable to find case law, nor do plaintiffs argue, that one attempting to approach a person who is being arrested and causes officers to intervene does not violate K.S.A. 21-3808.

The established law does not state that plaintiffs' conduct does not violate K.S.A. 21-3808.  Because it is unclear whether or not  Karen and Renee Demster's actions violated the statute, a reasonable officer would not have known that he or she lacked probable cause to arrest plaintiffs for obstructing legal process or official duty. The court, therefore, finds that Officers Trevino, Velasquez, Flack and McCormack are shielded by qualified immunity, and the court grants defendants' motion to dismiss count three of plaintiffs' complaint.

## VI.    MALICIOUS PROSECUTION (Count IV)

In court four of the complaint, Karen and Renee Demster allege that Officers Trevino, Velasquez, Flack and/or McCormack maliciously prosecuted plaintiffs in violation of 42 U.S.C. § 1983.   Defendants move for dismissal of this claim for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and because the court lacks subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), arguing that plaintiffs' complaint fails to allege a constitutional violation.   The court does not agree that plaintiffs have failed to allege a constitutional violation.

Like all § 1983 claims, a claim for malicious prosecution can only be brought against one acting under color of state law.  *Jenkins,* 81 F.3d at 994.  The common law tort of

malicious prosecution is the starting point for the same claim under § 1983. *Wolford v. Lasater,* 78 F.3d 484, 489 (10th Cir.1996). In Kansas, a plaintiff must prove the following elements to support an action for malicious prosecution: (1) that the defendant initiated, continued, or procured criminal proceedings against the plaintiff; (2) that the defendant acted without probable cause; (3) that the defendant acted with malice-that the defendant acted for a purpose other than securing the proper adjudication of the proceedings; (4) that the proceedings terminated in favor of the plaintiff; and (5) that the plaintiff sustained damages. *Nelson v. Miller,* 227 Kan. 271, 275-76 (1980). The "ultimate question," however, for a claim brought under § 1983, is "whether the plaintiff has proven a *constitutional* violation." *Taylor v. Meacham,* 82 F.3d 1556, 1561 (10th Cir.1996) (emphasis in original). Plaintiff must therefore show that the defendant's actions violated the plaintiff's Fourth Amendment right to be free from unreasonable seizures. *Id.*  Thus, the crucial inquiry is whether defendant acted without probable cause. *Elbrader v. Blevins,* 757 F. Supp. 1174, 1178 (D. Kan. 1991). The inquiry into the existence of probable cause "is limited to the facts and circumstances as they appeared to defendant at the time the prosecution was commenced." *Glassey v. Ramada Inn,* 5 Kan. App.2d 121, 123 (1980).

Here, defendants only dispute that plaintiffs have alleged a constitutional violation. Karen and Renee Demster allege malicious prosecution against Officers Trevino, Velasquez, Flack and McCormack in violation of the Fourth Amendment cognizable under 42 U.S.C. § 1983.  Specifically, plaintiffs allege that defendants caused plaintiffs to be prosecuted for charges based on false information with malice.  While plaintiffs' claim may have been drafted

15

more clearly, the court finds that plaintiffs allege that defendants did not have probable cause that the statements in the police report were true, as plaintiffs allege intentional false statements in the police report, which resulted in a violation of plaintiffs' Fourth Amendment right to be free from unreasonable seizures.[3]

The court finds that plaintiffs have sufficiently pled a § 1983 malicious prosecution claim, and, therefore, deny defendants' motion to dismiss pursuant to Rule 12(b)(6).  The court also denies defendants' motion to dismiss pursuant to Rule 12(b)(1) because defendants challenge the complaint facially, and the court, as explained above, finds that plaintiffs alleged a constitutional violation, giving the court subject matter jurisdiction based upon a federal claim.

## VII.   LEAVE TO AMEND

Karen and Renee Demster argue that if the court believes they have not pled sufficient specific, non-conclusory allegations of fact to allow the district court to determine whether or not defendants are entitled to qualified immunity for plaintiffs' false arrest claim, plaintiffs should be able to amend their complaint, citing *Dill v. City of Edmond,* 155 F.3d 1193,1204 (10th Cir.1998) and *Watson v. City of Kansas City, Kansas,* 80 F. Supp.2d 1175, 1185 (D. Kan. 1999).  These cases, however, took place

---

[3]   It is important to note that when examining a malicious prosecution claim, defendants may not use a hypothetical reason for probable cause, as allowed when examining a false arrest claim.   Instead, the inquiry into probable cause for a malicious prosecution claim is limited to the facts and circumstances as they appeared to the defendant at the time. *See Glassey,* 5 Kan. App.2d at 123.

under a heightened pleading requirement formerly in place in the Tenth Circuit in cases where there was a qualified immunity defense, and the Tenth Circuit expressly stated in *Currier v. Doran*, 242 F.3d 905 (10th Cir. 2001) that such a standard is no longer permissible as a result of *Crawfore-El v. Britton*, 523 U.S. 574 (1998).  As heightened pleading is no longer required, there remains no justification for allowing leave to amend as a matter of course in cases where qualified immunity is asserted as a defense.  Moreover, even under a conventional discretionary standard, this is not a case where leave to amend should be granted.  Here, Karen and Renee Demster clearly state that they had to be restrained from approaching Stanley Demster.  This is the act which is analyzed while looking at defendants' qualified immunity defense, and there are not any additional facts that plaintiffs could plead to defeat that defense.  Fed. R. Civ. P. 15(a) (leave to amend shall be freely given when justice so requires, unless the amendment would be futile); *see Bauchman ex rel. Bauchman v. West High Sch.*, 132 F.3d 542, 559 (10th Cir. 1997).  The court, therefore, denies plaintiffs' motion for leave to amend.

## VIII.  CONCLUSION

The court grants in part and denies in part defendants' motion to dismiss.  The court grants dismissal of count one as it is unopposed by Stanley Demster.  The court also grants dismissal of count three.  While the court finds that it has subject matter jurisdiction, and that plaintiff has sufficiently pled a § 1983 claim for false arrest, the court finds that

17

defendants are shielded by qualified immunity.  The court, however, denies defendants's

motion to dismiss count four because the court has subject matter jurisdiction and

plaintiffs have  sufficiently pled a § 1983 claim for malicious prosecution.

The court also denies plaintiffs' request for leave to amend the false arrest claim of

their complaint because allowing the pleading of additional facts would not alter the court's

finding that the officers are shielded by qualified immunity.

18

**IT IS THEREFORE ORDERED BY THE COURT** that defendants' motion to dismiss (Doc. # 4) is granted in part and denied in part.  Specifically, the court grants dismissal of counts one and three, and the court denies dismissal of count four.

**IT IS FURTHER ORDERED BY THE COURT** that plaintiffs' request for leave to amend is denied.

**IT IS SO ORDERED** this 18th day of January, 2005.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge

19