# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**STANLEY DEMSTER, et al.,**

    **Plaintiffs,**

    v.                                  Case No.  04-2420-JWL

**CITY of LENEXA, KANSAS, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

In its Memorandum and Order dated January 18, 2005 (Doc. # 10), the court dismissed count three of the complaint where plaintiffs Karen and Renee Demster alleged false arrest against Officers Shannon Trevino, David Velasquez, Casey Flack and Kevin McCormack. The court dismissed this claim after finding that defendants were shielded by qualified immunity. This matter is now before the court on plaintiffs' motion to alter or amend the court's Memorandum and Order dismissing plaintiffs' false arrest claim ("motion to reconsider," Doc. # 11) pursuant to Federal Rule of Civil Procedure 59(e) and Local Rule 7.3(a).[1] Plaintiffs argue that the court has misapprehended the law and their position, asserting that under the circumstances of the evening in question, a reasonable officer would have known that he or she lacked probable cause to arrest plaintiffs or that further exploration of the facts and

---

[1] Plaintiffs cite Local Rule 7.2(a) as authority for their motion to alter or amend the court's order, but no such rule exists. The court believes that plaintiffs intended to cite Local Rule 7.3(a), which relates to motions to reconsider dispositive orders and judgments, and therefore, the court will treat plaintiffs's motion as based upon Local Rule 7.3(a)..

circumstances surrounding the events of the evening in question are warranted to determine whether or not a reasonable officer would have known that he or she lacked probable cause.

The court denies plaintiffs' motion to reconsider as it has not misapprehended the facts, the plaintiffs' position, or the controlling law.[2]  Specifically, the court finds that defendants are entitled to qualified immunity because a reasonable officer would not have known that the specific conduct of arresting plaintiffs was impermissible.

**Background**

On September 6, 2004, Officers Trevino, Velasquez, Flack and McCormack responded to the Demster residence in reference to a disturbance involving unknown parties.  While on the premises, the officers arrested Stanley Demster.

Plaintiffs allege that during the course of the arrest, Karen Demster, Stanley Demster's wife, and Renee Demster, Stanley Demster's daughter, believed that the officers were physically assaulting Stanley Demster.  Karen and Renee Demster began crying out and screaming at the officers to stop their actions as they were injuring Stanley Demster.  Karen and Renee Demster attempted to approach Stanley Demster, and Officer Flack grabbed Renee

---

[2] In a footnote, plaintiffs ask for leave to amend their complaint if they have not sufficiently pled their claim for false arrest.  In its Memorandum and Order addressing defendants' motion to dismiss, the court found that plaintiffs had sufficiently pled this claim, and therefore, the court, once again, denies plaintiffs' request for leave to amend their complaint. *See* Fed. R. Civ. P. 15(a) (leave to amend shall be freely given when justice so requires, unless amendment would be futile).

Demster and held her away from Officers Trevino and Velasquez before she could reach her father. Officer McCormack restrained Karen Demster and held her away from Officers Trevino and Velasquez before she could reach her husband.

Karen and Renee Demster were arrested for obstructing legal process or official duty, which is prohibited by K.S.A. 21-3808.

Plaintiffs then filed a complaint where they alleged false arrest against defendants. The court dismissed this claim, finding that defendants are shielded by qualified immunity, and plaintiffs now ask the court to reconsider this finding.

**Standard**

Plaintiffs have moved to alter or amend judgment under Fed.R.Civ.P. 59(e) or Local Rule 7.3(a). The court has not yet entered judgment in this case. The order from which Plaintiffs seek relief is interlocutory, and the appropriate form of relief is reconsideration of that order pursuant to D. Kan. R. 7.3(b). The court has discretion whether to grant a motion to reconsider. *GFF Corp. v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1386 (10th Cir.1997).

Whether Plaintiffs mislabeled their motion is immaterial. The grounds justifying an alteration, amendment, or reconsideration are essentially the same: (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. *Brumark Corp. v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995). "Appropriate circumstances for a motion to reconsider are where

the court has obviously misapprehended a party's position on the facts or the law, or the court has mistakenly decided issues outside of those the parties presented for determination." *Sithon Maritime Co. v. Holiday Mansion,* 177 F.R.D. 504, 505 (D. Kan.1998) (citations omitted). A litigant, however, should not use such a motion to rehash previously rejected arguments or to offer new legal theories or facts. *Achey v. Linn County Bank,* 174 F.R.D. 489, 490 (D. Kan.1997).

**Analysis**

Under certain circumstances, the affirmative defense of qualified immunity shields public officials from individual liability in actions brought under 42 U.S.C. § 1983. *Harlow v. Fitzgerald,* 457 U.S. 800 (1982). Qualified immunity "protects all but the plainly incompetent or those who knowingly violate the law." *Holland ex rel. Overdorff v. Harrington,* 268 F.3d 1179, 1185 (10th Cir.2001).

Once a defendant asserts a qualified immunity defense, the court employs a two-part test. Under the first of the two-part qualified immunity test, the court must determine whether the facts alleged by a plaintiff, taken in the light most favorable to him or her, show that the conduct of a defendant violated a constitutional right. *Hope v. Pelzer,* 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (citing *Saucier v. Katz,* 533 U.S. 194, 201, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001)). If a plaintiff fails to meet the threshold burden of demonstrating a constitutional violation, "there is no necessity for further inquiries concerning qualified immunity." *Saucier,* 533 U.S. at 201, 121 S. Ct. 2151. If, on the other hand, a plaintiff's factual

allegations amount to a violation of a constitutional right, "the next, sequential step is to ask whether the right was clearly established at the time of the defendant's unlawful conduct such that a reasonable person in the defendant's position would have known that the alleged conduct violated the federal right." *Id.*

Here, the court found in its previous Memorandum and Order that defendants' actions, when taken in the light most favorable to plaintiffs, violated a constitutional right, as arrest by police officers without probable cause violates the Fourth Amendment's guarantee of security from unreasonable searches and seizures, giving rise to a claim for false arrest under § 1983. *Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995). The court also found that no clearly established right was violated by defendants' conduct, and plaintiffs challenge this finding, arguing that a reasonable officer would have known that he or she lacked probable cause to arrest plaintiffs.

The Supreme Court clarified the second prong of the two part test in *Anderson v. Creighton*, 483 U.S. 635 (1987). In *Anderson*, the defendant, an FBI agent, conducted a warrantless search of the plaintiffs' home, erroneously believing that bank robbers were hiding there. The Eight Circuit denied the defendant qualified immunity, finding that the law was settled that warrantless searches were not allowed unless there was probable cause or exigent circumstances.

In an opinion by Justice Scalia, the Supreme Court reversed. The Court held that qualified immunity is not lost when an officer violates the Fourth Amendment unless a reasonable officer would know that the specific conduct was impermissible. A "law

5

enforcement officer who participates in a search that violates the Fourth Amendment may [not] be held personally liable for money damages if a reasonable officer could have believed that the search comported with the Fourth Amendment." *Id*. at 635. The inquiry is whether the officer had reason to know that the specific conduct was prohibited.

Here, plaintiffs argue that a reasonable officer would have known that he or she did not have probable cause to arrest plaintiffs because plaintiffs did not substantially hinder or increase the burden of the officers in carrying out their official duties, did not knowingly and willfully obstruct or oppose the officers in carrying out their official duties and because they did not perform an overt act of obstruction. The court disagrees.

Obstructing legal process or official duty is defined by K.S.A. 21-3808 as "knowingly and intentionally obstructing, resisting or opposing any person authorized by law to serve process in the service or execution or in the attempt to serve or execute any writ, warrant, process or order of a court, or in the discharge of any official duty." K.S.A. 21-3808(a).

The "use of actual force is not always necessary to constitute an offense," but there must be "some actual overt act of obstruction." *State v. Parker*, 236 Kan. 353, 360 (1984). In *State v. Latimer,* 9 Kan. App.2d 728 (1984), the Kansas Court of Appeals explicitly stated that section 21-3808 applies to oral statements of a defendant because "the apparent intent of the statute is to make criminal the willful obstruction by any means of an officer acting in the discharge of his official duty." *Id.* The court, quoting a Georgia case, stated that the statute is intentionally broad to cover actions which might not otherwise be unlawful, but which obstruct or hinder law enforcement officers in carrying out their duties. *Id.* However, not every action

6

that incidentally hinders an officer is a crime; the accused must have willfully and knowingly hindered or obstructed the officer. *Id.* Obstruction of legal process or official duty requires conduct that "must have substantially hindered or increased the burden of the officer in carrying out his official duty." *Parker,* 236 Kan. at 364.

In paragraph seventeen of their complaint, plaintiffs allege:

> Upon seeing Plaintiff Stanley Demster being physically assaulted, Plaintiffs Karen Demster (wife) and Renee Demster (daughter) and Natalie Demster (daughter) began crying out and screaming at Defendants TREVINO and VELASQUEZ that they were hurting Stanley Demster and to stop it. Karen Demster and Renee Demster attempted to approach Stanley Demster, Defendant FLACK grabbed Renee Demster and held her away from TREVINO and VELASQUEZ before she could reach where her father was located. Defendant MCCORMACK restrained Karen Demster and held her away from TREVINO and VELASQUEZ before she could reach where her father was located.

From the contents of this paragraph, it is clear that plaintiffs believed that Stanley Demster was being assaulted while he was being arrested. Believing that Stanley Demster was being assaulted, plaintiffs knowingly attempted to interfere with the officers as they arrested Stanley Demster both through verbal acts and by attempting to approach Stanley Demster. Based upon these circumstances**,** a reasonable jury could find plaintiffs guilty of obstruction of legal process or official duty, as plaintiffs allege that it was their intent to hinder the officers in actions which they believed to be unlawful, but a jury would have to decide if plaintiffs substantially hindered or increased the burden of the officers. *See Parker*, 236 Kan. at 360, 364.

7

Under circumstances where plaintiffs may be convicted of the crime for which they were arrested, an officer clearly has probable cause to make an arrest. *See Olsen v Layton Hills Mall*, 312 F.3d 1304, 1312 (10th Cir. 2002) ("Probable cause exists if facts and circumstances within the arresting officer's knowledge and of which he or she has reasonably trustworthy information are sufficient to lead a prudent person to believe that the arrestee has committed or is committing an offense.") (citation omitted).  Because defendants did not have reason to know that the specific act of arresting plaintiffs was prohibited under the circumstances, defendants are shielded by qualified immunity, and the court properly dismissed this claim.  *See Anderson,* 483 U.S. at 635.

As the court has not misapprehended the facts, the plaintiffs' position, or the controlling law, plaintiffs' motion to reconsider is denied.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiffs' motion to reconsider (Doc. # 11) is denied.

**IT IS SO ORDERED** this 16th day of March, 2005.

                                    s/ John W. Lungstrum
                                    John W. Lungstrum
                                    United States District Judge